UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | |
|---|---|
| ALEJANDRO JAIMEZ TAMAYO, Plaintiff | CIVIL ACTION NO. 1:17-CV-0491-P |
| VERSUS | CHIEF JUDGE DRELL |
| BARBARA LYNN, ET AL., Defendants | MAGISTRATE JUDGE PEREZ-MONTES |

## REPORT AND RECOMMENDATION

Before the Court is a breach of contract claim filed by pro se Plaintiff Alejandro Jaimez Tamayo ("Tamayo") (#34943177). Tamayo is an inmate in the custody of the United States Bureau of Prisons, incarcerated at the United States Penitentiary in Pollock, Louisiana. Tamayo names as defendants Judge Barbara Lynn of the Northern District of Texas and John Parker, the United States Attorney for the Northern District of Texas.

This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. § 636 and the standing orders of the Court.

I.   Background

Tamayo was convicted of conspiracy to possess with intent to distribute more than 500 grams of methamphetamine and more than five kilograms of cocaine. He was sentenced to life imprisonment. See Tamayo v. United States, No. 3:05-CR-0313, 2013 WL 5545212, at *1 (N.D. Tex. Oct. 8, 2013). Tamayo's sentence was affirmed on appeal. See United States v. Tamayo, 260 F. App'x 700, 701 (5th Cir. 2007).

Tamayo alleges Defendants are liable to him because they "had an opportunity to challenge the claims made in the administrative remedy, including that of possible immunity from suit, and failed to do so." (Doc. 1, p. 3). Tamayo claims that, because of their "willful and voluntary default on the administrative process," Defendants "are guilty and they owe the amount requested by the plaintiff." (Doc. 1, p. 3). Tamayo invokes the Court's jurisdiction based on the alleged diversity of citizenship between Tamayo and Defendants. (Doc. 1, p. 2).

II. <u>Law and Analysis</u>

A. <u>Tamayo's complaint is subject to screening under § 1915A.</u>

As Tamayo is a prisoner seeking redress from an officer or employee of a governmental entity, Tamayo's complaint is subject to preliminary screening pursuant to 28 U.S.C. § 1915A. See <u>Martin v. Scott</u>, 156 F.3d 578, 579-80 (5th Cir. 1998) (per curiam). Section 1915A(b) provides for *sua sponte* dismissal of the complaint, or any portion thereof, if the Court finds it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief against a defendant who is immune from such relief.

B. <u>This Court lacks jurisdiction over Tamayo's claim.</u>

Federal courts are courts of limited jurisdiction that lack the power to adjudicate claims absent jurisdiction conferred either by the Constitution or by statute. See <u>Energy Mgmt. Servs., LLC v. City of Alexandria</u>, 739 F.3d 255, 257 (5th Cir. 2014) (citing <u>Kokkonen v. Guardian Life Ins. Co. of Am.</u>, 511 U.S. 375, 377 (1994)). A federal court has subject matter jurisdiction over (1) civil cases that arise

under the Constitution, laws, or treaties of the United States, and (2) civil cases between citizens of different states in which the amount in controversy exceeds $75,000. 28 U.S.C. §§ 1331–1332. Tamayo specifically invokes the Court's jurisdiction under § 1332 based on diversity of the parties. He does not allege that his claim arises under the Constitution or laws of the United States.

Jurisdiction based upon diversity of citizenship requires that no party in a dispute be a citizen of the same state as any one party on the other side of the dispute. See Harvey v. Grey Wolf Drilling Co., 542 F.3d 1077, 1079 (5th Cir. 2008) (citing McLaughlin v. Mississippi Power Co., 376 F .3d 344, 353 (5th Cir. 2004). An individual is deemed to be a citizen of a state within the meaning of § 1332 when he is both a citizen of the United States and a domiciliary of that state. See Mas v. Perry, 489 F.2d 1396, 1399 (5th Cir.1974). "[M]ere residence in the State is not sufficient." Id.

Tamayo alleges that Defendants are citizens of Texas, and that he is a "non-citizen," and diverse from the State of Texas. (Doc. 1, p. 3). However, according to his exhibits, Tamayo became a citizen of the United States in Dallas, Texas, on February 11, 2000. (Doc. 1, p. 12). Thus, Tamayo's domicile at the time of his conviction and incarceration was the State of Texas.

"Ordinarily, courts presume that '[a] prisoner does not acquire a new domicile in the place of his imprisonment, but retains the domicile he had prior to incarceration.'" Pardue v. Pardue, 37 F.3d 630 (5th Cir. 1994) (quoting Polakoff v. Henderson, 370 F.Supp. 690, 693 (N.D. Ga. 1973), aff'd, 488 F .2d 977 (5th Cir. 1974)

3

(adopting district court's reasoning)); see also Kirt v. LaFargue, No. 6:13-CV-00580, 2014 WL 4369979, at *4 (W.D. La. Sept. 2, 2014) (citing Purdom v. Gettleman, 2008 WL 695258, *3 (E.D. Ky. 2008); O'Brien v. Schweiker, 563 F.Supp. 301, 302 (E.D. Pa. 1983); Bontkowski v. Smith, 305 F.3d 757, 763 (7th Cir. 2002); Sullivan v. Freeman, 944 F.2d 334, 337 (7th Cir. 1991) (determining the prisoner's domicile to be Virginia, the state in which he lived before he was incarcerated); Gatto v. Macmillan, 1996 WL 526854, at *1 (E.D. Pa. 1996) (prisoner was a citizen of New Jersey, where he resided before being sent to prison, not Pennsylvania, where he was incarcerated); Tiuman v. Canant, 1994 WL 471517, *1 (S.D. N.Y. 1994) (an inmate's domicile prior to incarceration remains his domicile for diversity purposes); Ronald Alexander LeBlanc Trust v. Ransom, 276 F.Supp.2d 647 (S.D. Tex. 2003)). "A change of domicile requires a voluntary act. A person's domicile cannot be changed by virtue of the legal and physical compulsion of imprisonment." Bridwell v. Ferrell, No. 3:07–CV–1575, 2008 WL 2388715, at *2 (N.D. Tex. May 9, 2008) (citing Jones v. Hadican, 552 F.2d 249, 250–51 (8th Cir. 1977)).

Even though Tamayo is presently incarcerated in Louisiana, Tamayo retains his Texas domicile. Because there is no diversity of citizenship between Tamayo and Defendants, this Court lacks jurisdiction under § 1332.

In the event that Tamayo would amend his complaint to allege the violation of a constitutional right, the proper venue would not be this District Court. Venue in a Bivens action seeking monetary damages is governed by 28 U.S.C. § 1391(b). See Stafford v. Briggs, 444 U.S. 527, 542–45 (1980); Webber v. United States, No. EP-03-

4

CA-193-PRM, 2003 WL 23272380, at *1 (W.D. Tex. Aug. 29, 2003) (citing Pollack v. Meese, 737 F.Supp. 663, 665 (D.D.C. 1990). Section § 1391(b) provides that venue is proper only in the judicial district where all the defendants reside or in which a substantial part of the events or omissions giving rise to the claim occurred. Defendants reside in Texas, and the events giving rise to Tamayo's claim occurred in Texas. Therefore, amendment of the complaint to allege a constitutional violation would serve no useful purpose, as this Court would not be the proper venue for a Bivens claim by Tamayo against Defendants.

III. Conclusion

For the forgoing reasons, **IT IS RECOMMENDED** that Tamayo's breach of contract claim be **DISMISSED** without prejudice for lack of jurisdiction.

Under the provisions of 28 U.S.C. § 636(b)(1)(c) and Fed. R. Civ. P. 72(b), the parties have fourteen (14) calendar days from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. No other briefs or responses (such as supplemental objections, reply briefs, etc.) may be filed. Providing a courtesy copy of the objection to the magistrate judge is neither required nor encouraged. Timely objections will be considered by the district judge before a final ruling.

FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS, CONCLUSIONS, AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN FOURTEEN (14) CALENDAR DAYS FROM THE DATE OF ITS

SERVICE SHALL BAR AN AGGRIEVED PARTY, EXCEPT UPON GROUNDS OF PLAIN ERROR, FROM ATTACKING ON APPEAL THE FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT JUDGE TO WHICH THE PARTY DID NOT OBJECT.

THUS DONE AND SIGNED in chambers in Alexandria, Louisiana, this __19th__ day of April, 2017.

Joseph H.L. Perez-Montes
United States Magistrate Judge